**In re the Matter of Ezell GOODWIN and Alberta Goodwin, Petitioners.**

**Ezell GOODWIN and Alberta Goodwin, Appellants,**

v.

**Allan Duane KOLMAN, Respondent.**

**No. 15068.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 18, 1987.

Robert C. Fields, Lois M. Zerrer, Springfield and Joseph B. Phillips, Stockton, for appellants.

Bryan C. Breckenridge, Nevada, for respondent.

CROW, Chief Judge.

On October 29, 1985, Ezell Goodwin and his wife, Alberta M. Goodwin, henceforth referred to as "petitioners," filed a petition in the Circuit Court of Cedar County seek-

ing to adopt Vanessa Renee Kolman ("Vanessa"), born September 8, 1976, the daughter of Mary Louise Kolman ("Mary") and Allan Duane Kolman ("Allan").

Inasmuch as neither Mary nor Allan had consented in writing to the adoption, the petition averred that Mary and Allan had "willfully abandon [sic] said minor child and willfully neglected to provide the minor child with the proper care and maintenance for at least one year prior to the filing of this petition for adoption." The obvious purpose of this allegation was to plead facts rendering parental consent unnecessary. In that regard, two statutes must be noted. The first is § 453.030.3, RSMo Cum.Supp.1984, which provided, in pertinent part:

"With the exceptions specifically enumerated in section 453.040, when the person *sought to be adopted is under the* age of eighteen years, the written consent of the parents ... of such person to the adoption shall be required and filed in and made a part of the files and record of the proceeding...."

The second statute that must be noted is § 453.040, RSMo Cum.Supp.1984, which provided, in pertinent part:

"The consent of the adoption of a child is not required of

. . . .

(4) A parent who has for a period of at least six months, for a child one year of age or older ... immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection; ..."

Effective September 28, 1985, one month *before* the petition was filed, § 453.040, RSMo Cum.Supp.1984, was repealed and a new section bearing the same number was enacted in lieu thereof. Laws 1985, C.C.S. S.C.S.H.C.S.H.B. 366, et al., Section A and § 453.040, pp. 605, 607, 616. The new version, § 453.040, RSMo Supp.1985, provided, in its entirety:

"The consent of the adoption of a child is not required of:

(1) A parent whose rights with reference to the child have been terminated pursuant to law;

(2) A parent of a child who has waived the necessity of his or her consent to a future adoption of the child;

(3) A parent whose identity is unknown and cannot be ascertained."

An attentive reader will swiftly observe that the new version of § 453.040 contained *no* provision authorizing the adoption of a child of a nonconsenting parent if the petitioners could show that such parent had abandoned or neglected the child for a six-month period immediately preceding the filing of the petition.

Effective March 25, 1986, the version of § 453.040 that had taken effect September 28, 1985, was repealed and a new version of § 453.040 was enacted in lieu thereof. Laws, 1986, C.C.S.S.S.H.C.S.H.B. 1121, et al., Section A, § 453.040, and Section B, pp. 1048–49. The 1986 version of the statute provided, in pertinent part:

"The consent of the adoption of a child is not required of:

. . . .

(5) A parent who has for a period of at least six months, for a child one year of age or older ... immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection."

The petition in the instant case was heard October 29, 1986. Petitioners appeared in person and by attorney; Allan appeared in person and by attorney; Vanessa appeared in person and by her guardian ad litem. Mary, whose whereabouts were unknown and who had been served by publication, failed to appear. Evidence on the issues of parental abandonment and neglect was presented.

In its "Findings and Order" filed January 9, 1987, the trial court stated, among other things:

"1. That the petitioners seek the adoption of Vanessa ... and request this Court grant the adoption without the consent of the parents of the child pursuant to § 453.040(5) RSMo. (1986).

....

3. With respect [to] the natural mother, Mary ... the petitioners have met the burden of proof required to establish abandonment.

4. With respect to the natural father, Allan ... the petitioners have failed to meet the burden of proof required to establish either abandonment or neglect."

Having made those findings, the trial court ordered that the petition for adoption be dismissed. Petitioners appeal from that order. They challenge only finding "4," above.

Briefs were filed in this Court by petitioners and Allan. The briefs ignored the fact that at the time the petition was *filed,* the version of § 453.040 then in effect did not authorize Vanessa's adoption—absent her parents' written consent—upon proof by petitioners of parental abandonment or neglect.

After the appeal was submitted, we invited petitioners and Allan to brief the question of whether proof by petitioners of abandonment or neglect by Mary and Allan for the six-month period immediately prior to the filing of the petition would have authorized the trial court to grant the adoption absent their consent. Phrased another way, the question we posed was which version of § 453.040 applied in the instant case, the one in effect at the time the petition was filed or the one in effect at the time the cause was tried.

Having now received and studied the briefs on that issue, we hold that the version of § 453.040 in effect at the time of the filing of the petition applies; consequently, the trial court's denial of the adoption must be affirmed.

The principal support for our holding is *In re Adoption of T.E.B.R.,* 664 S.W.2d 609 (Mo.App.1984). There, a husband and wife petitioned to adopt two children of a mother who had been adjudged incompe-

tent. At the time the petition was filed, § 453.040, RSMo 1978, was in effect. It provided, in pertinent part: "The consent of the adoption of a child is not required of (1) A parent who has been adjudged to be incompetent...." An amendment to § 453.040, which took effect 11 days after the petition was filed, deleted the provision that consent was not required of a parent adjudged incompetent. The proceeding was heard after the effective date of the amendment. The mother, who had refused to consent to the adoptions, maintained that the petitioners could not utilize § 453.040, RSMo 1978, as a means of obtaining the adoptions without her consent. The trial court granted the adoptions; the mother appealed. Affirming, the appellate court said:

"The question is whether the amendment is prospective or retroactive (to the date the petition was filed). What [the mother] is really contending is that she should have the advantage of the amended statute which eliminates the provision that no consent for adoption is required of a parent who has been adjudged incompetent.

The legislature has not manifested a clear intent that the 1982 amendment to § 453.040 be applied retrospectively. [citations omitted] An exception to the non-retroactive effect of a legislative enactment is where it is procedural only. [citations omitted] ... The provision here under the former statute that no consent to adoption is required where a parent has been adjudged an incompetent is not procedural only. Rather, it is substantive, in the sense that [the petitioners], in filing their petition for adoption had a right to rely upon the then statute dispensing with consent, a right which was then vested in them. The 1982 amendment, therefore, did not have any effect upon the status of the parent as impairing the substantial right to petition for adoption absent a consent where the natural parent was alleged to have been, and was proved to have been, adjudged to be an incompetent. The legislature, in the former statute, dispensed with the

necessity of consent in this circumstance." *Id.* at 612–13.

The instant case presents a similar situation except that here the version of § 453.040 in effect at the time the petition was filed operates to the advantage, not the detriment, of the parents. At the time the petition was filed, § 453.040, RSMo Supp.1985, obviated the necessity of parental consent to an adoption in only three instances: (1) where the parent's rights regarding the child had been terminated pursuant to law,[1] (2) where the parent had waived the necessity of his consent to a future adoption of the child, or (3) where the parent's identity was unknown and unascertainable. Proof that a parent had willfully abandoned or willfully neglected the child for the six-month period immediately preceding the filing of the petition did not, under § 453.040, RSMo Supp.1985, authorize adoption without such parent's consent.

*T.E.B.R.*, as we have seen, held that the provision in § 453.040(1), RSMo 1978, dispensing with the requirement of consent by a parent adjudged incompetent was substantive, not procedural. If that holding be sound—and we are persuaded it is—the provisions in § 453.040, RSMo Supp.1985, setting forth the instances where parental consent to an adoption shall not be required are equally substantive. That being so, the instant proceeding, under the rationale of *T.E.B.R.*, is governed by § 453.040, RSMo Supp.1985, the statute in effect at the time the petition was filed.

In a proceeding to adopt a person under the age of 18 years, parental consent is essential unless one of the statutory exceptions exists. *In re D ——*, 408 S.W.2d 361, 365 (Mo.App.1966). In the instant case there was no parental consent and none of the three exceptions in § 453.040, RSMo Supp.1985, were pleaded or proved. The trial court was therefore without authority to grant the adoption of Vanessa by petitioners. It follows that the judgment denying the petition for adoption was correct, even though the trial court based its denial on the ground that petitioners had failed to prove abandonment or neglect of Vanessa by Allan.

On appeal from a judgment in a court-tried case, the chief concern of the reviewing court is the correctness of the result below and not the route by which it was reached. *Kenilworth Insurance Co. v. Cole*, 587 S.W.2d 93, 96[5] (Mo.App.1979); *Helmkamp v. American Family Mutual Insurance Co.*, 407 S.W.2d 559, 566[8] (Mo.App.1966). The judgment of the trial court is to be sustained if the result is correct, regardless of the reason given. *Duncan v. Reorganized School District No. R–1*, 617 S.W.2d 571, 576[4] (Mo.App.1981).

As Vanessa's parents did not consent to her adoption and no exception under § 453.040, RSMo Supp.1985, existed enabling her to be adopted without their consent, the denial of the adoption by the trial court was correct, and we need not determine whether the trial court rightly found that petitioners had failed to prove abandonment or neglect by Allan.

Judgment affirmed.

HOLSTEIN, J., concurs.

GREENE, P.J., concurs and files concurring opinion.

GREENE, Presiding Judge, concurring.

I concur fully in the principal opinion. However, I wish to point out that while there was ample evidence in the record to support finding No. 3 of the trial court, which stated that petitioners had met the burden of proof required to establish abandonment of the child by its natural mother, there was not, during the time period in question, any legal ground for granting an adoption because of parental abandonment, and, therefore, the finding by the trial court relative to abandonment by the natural mother has no legal significance.

---

1. At the time the petition in the instant case was filed, the statutes providing for termination of parental rights were §§ 211.442–.487, RSMo Supp.1985.